**Melvin COLON–CALDERON,
Petitioner**

v.

**DRUG ENFORCEMENT
ADMINISTRATION,
Respondent.**

No. 05–1417.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 27, 2007.

Emilio F. Soler, Law Office of Emilio F. Soler, Santurce, PR, for Petitioner.

Michael S. Raab, Attorney, Barbara Cozad Biddle, Assistant Director, Issac Jared Lidsky, David M. Cohen, Peter Douglas Keisler, U.S. Department of Justice, Washington, DC, for Respondent.

Before: TATEL, GARLAND, and KAVANAUGH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This petition for review of the Drug Enforcement Administration's (DEA's) denial of a petition for remission or mitigation of forfeited property was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(b). It is

**ORDERED** and **ADJUDGED** that the petition for review be denied.

Petitioner Melvin Colon–Calderon's sole contention in this court is that the DEA should have remitted or mitigated the forfeiture of his property because the notice of forfeiture that the agency sent him did not satisfy the requirements of the Due Process Clause. Even assuming such a claim can be raised directly in this court, *cf.* 18 U.S.C. § 983(e)(5), petitioner never raised this contention before the DEA, and we therefore will not consider it. *See United Transp. Union v. Surface Transp. Bd.*, 114 F.3d 1242, 1244–45 (D.C.Cir.1997) (holding claim waived because petitioner did not raise it before the agency); *see also Marine Mammal Conservancy, Inc. v. Dep't of Agric.*, 134 F.3d 409, 413–14 (D.C.Cir.1998) (rejecting argument that constitutional issues are always excepted from exhaustion requirements and observing that "[e]xhaustion even of constitutional claims may promote many of the policies underlying the exhaustion doctrine").

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed R.App. P. 41(b); D.C.Cir. R. 41(a)(1).